NOT DESIGNATED FOR PUBLICATION

No. 117,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY WAYNE TYNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marshall District Court; EDWARD E. BOUKER, judge. Opinion filed June 8, 2018. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Laura E. Johnson-McNish*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: In Kansas, to represent a party in court you must be licensed to practice law. Gregory Wayne Tyner asked the district court to allow his wife, Terri Tyner, a nonlawyer, to represent him. The district court denied his request. Tyner claims the denial of his motion violated his due process rights to have the person of his choice represent him. We find no violation of Tyner's due process rights. We affirm.

Tyner and his wife, Terri, were both charged with four drug-related felony counts and two misdemeanors. A jury found Tyner guilty of three drug-related felonies and two

misdemeanors. The facts of the case are well known to the parties and need not be restated.

Throughout the case, Tyner maintained he wished to represent himself. At the pretrial hearing, the district court apprised Tyner of his rights and warned him of the risks of representing himself. Tyner stated he wished to represent himself and did not want the services of appointed or standby counsel. After further inquiry into Tyner's education and background, the district court granted Tyner's request and terminated previously appointed standby counsel's representation.

Tyner then filed a motion requesting the district court appoint Terri "as pro se assistance in his defense to question witnesses, present evidence and perform all duties in place of defendant as agreed upon in the case against Defendant." At the motion hearing, the district court asked if Tyner had any legal basis for allowing a layperson to serve as counsel. Tyner replied he had found no precedent, but he stated Terri was the only person who knew the case as well as he did and he should be allowed to have someone to help him. The district court denied the motion because there was no legal basis for Tyner's request. The district court then repeated his warning to Tyner about the perils of self-representation.

Tyner renewed his request at his jury trial to no avail, but the district court allowed Terri to sit at the table with him to take notes and confer with him about the case. She was not allowed to question any witnesses or Tyner in the case. Tyner again objected "on the grounds that it will be a denial of counsel in some capacity."

Tyner appealed, raising one issue: Can a nonlawyer, even one's spouse, represent someone in court? Of course not.

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the defendant a constitutional right to represent himself in a state criminal trial. *Faretta v. California*, 422 U.S. 806, 818-19, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The violation of a person's constitutional right to self-representation is subject to a de novo standard of review. *State v. Carter*, 284 Kan. 312, 318-19, 160 P.3d 457 (2007).

The Sixth Amendment guarantees only the right to counsel or the right to represent oneself. It does not guarantee a defendant the right to choose anyone as their counsel. Tyner provides no legal support for why his wife should be allowed to act as his attorney. "It is well established that a criminal defendant has no constitutional right to have an unlicensed attorney or lay person represent him. In particular, the Sixth Amendment does not create a right to be represented by a non-attorney." *State v. Matzke*, 236 Kan. 833, 837, 696 P.2d 396 (1985).

The Supreme Court has recognized the importance of a fair opportunity to secure counsel of the defendant's choosing, but also noted:  "This 'fair opportunity' for the defendant to secure counsel of choice has limits. A defendant has no right, for example, to an attorney who is not a member of the bar." *Luis v. United States*, 578 U.S. __, 136 S. Ct. 1083, 1089, 194 L. Ed. 2d 256 (2016). Because a defendant is not constitutionally guaranteed representation by a layperson, there was no constitutional violation. The district court did not err in refusing to let Tyner's wife serve as cocounsel.

Affirmed.